STRUBLE *v.* NATIONAL LIBERTY INSURANCE CO. OF
AMERICA.

1. INSURANCE—PROOF OF LOSS—WAIVER.

Action on Michigan standard fire insurance policy prescribed by
Act No. 256, Pub. Acts 1917, is barred unless proof of loss is
furnished within 60 days after fire, in absence of proof of
waiver or extension of time.

2. SAME—BURDEN OF PROOF.

Burden of proving waiver of proof of loss is on insured.

3. SAME—WHEN PROOF OF LOSS WAIVED.

Waiver of proof of loss may be proved by acts and conduct mani-
festing intent not to claim advantage or by failing to act so
as to induce belief that it was intention to waive.

4. SAME—POLICIES LEFT WITH AGENT—POSSESSION.

Where policies were left with insurer's agent by insured, posses-
sion was that of insured and not insurer.

5. SAME—DUTY OF AGENT TO DELIVER POLICIES.

Where insurance agent held policies for insured, it was agent's
duty to deliver them to insured upon his request therefor.

6. SAME—EVIDENCE—INFERENCES.

Where letter sent by insured to insurer's agent asking for in-
formation necessary to make proof of loss was produced by
insurer at trial, jury could find that agent forwarded letter
to insurer.

7. SAME—PROOF OF LOSS—WAIVER—ESTOPPEL.

Where insurance agent holding policies for insured sent them
to insurer instead of delivering them to insured, and insurer
retained possession until after expiration of 60-day period for
making proof of loss, and failed to furnish insured with in-
formation necessary to make such proof, as requested by him,
it may not defend action on policies on ground of failure to
furnish such proof within required time.

Error to Isabella; Hart (Ray), J. Submitted October 24, 1930. (Docket No. 81, Calendar No. 35,134.) Decided December 2, 1930.

Assumpsit by Floyd D. Struble against National Liberty Insurance Company, a corporation, on fire insurance policies. From directed verdict and judgment for defendant, plaintiff brings error. Reversed.

*F. H. Dusenbury,* for plaintiff.

*Alfred F. Myer,* for defendant.

SHARPE, J. Plaintiff's two policies of fire insurance on his house and contents in defendant company expired on October 23, 1928. Its agent at Mt. Pleasant, Mrs. Menerey, called his attention to it by letter, and at his request made out renewal policies therefor. The premium on both policies was $51. On November 20, 1928, plaintiff paid the agent $30, for which she gave him a receipt. On the night of November 21st the building and its contents were destroyed by fire. Plaintiff was at that time in the city of Lansing. He had been divorced from his wife, and lived alone in the house which had been owned by him for a number of years. On being informed of the fire by a neighbor, he returned to Mt. Pleasant and called upon the insurance agent. She told him that she had the policies, and he said he would leave them there for a few days. On December 14, 1928, he paid to her the balance of the premium and asked her for the policies. She told him that "the policies had gone in for cancellation, * * * that they weren't in her office and that she couldn't get them. She didn't say why they

had canceled them.'' On January 9, 1929, plaintiff, in Detroit, wrote Mrs. Menerey the following letter:

"Please inform me as to whether you have received any word from insurance company about my loss. I couldn't believe it would take as long as it has for me to receive check. Will you kindly get in touch with them and see what seems to be the matter? If you cannot find anything more, will you please send me the name of the insurance company and policy numbers so I may get someone to look into it for me? It will soon be 60 days, altho settlement will be made in 30 days after proof of loss. Kindly give this your immediate attention and advise as soon as possible.''

To this she made no reply, nor did she respond to later personal demands of the plaintiff for delivery of the policies. She testified that she ''was not instructed by anybody not to give them to him.''

After the expiration of 60 days from the date of the fire, plaintiff's attorney secured the policies, and proofs of loss thereunder were furnished to defendant. Payment having been refused, this action was brought to recover under the policies.

The defendant gave notice that it would insist in its defense that no proofs of loss had been furnished it within 60 days after the fire, as required by the terms of the policies, and, after plaintiff's proofs as above outlined had been submitted, rested its case and moved for a directed verdict. This motion was granted and judgment entered for defendant. Plaintiff seeks review by writ of error.

The policies were of the Michigan standard form prescribed by statute (Act No. 256, Pub. Acts 1917). Action thereon, when proof of loss was not furnished the insurer within 60 days after the fire, is barred ''in the absence of proof of waiver or ex-

tension of time." *Peck* v. *National Liberty Ins. Co.,* 224 Mich. 385. The burden of proving a waiver of the proofs of loss is on the plaintiff. *Wierengo* v. *American Fire Ins. Co.,* 98 Mich. 621.

"The waiver that is spoken of in these cases is another term for an estoppel. It can never arise by implication alone, except from some conduct which induces action in reliance upon it, to an extent that renders it a fraud to recede from what the party has been induced to expect." *Security Ins. Co.* v. *Fay,* 22 Mich. 467, 473 (7 Am. Rep. 670).

And it may be proved—

"by acts and conduct manifesting an intent and purpose not to claim the supposed advantage, or by so neglecting and failing to act as to induce a belief that it was the intention and purpose to waive." 27 R. C. L. p. 911, as quoted in *Hyman* v. *Boyle,* 239 Mich. 357, 361.

As an agent of the defendant, Mrs. Menerey wrote the policies in question and made report thereof to the defendant company. It thus obtained information that the plaintiff's property was covered by its insurance. When the loss occurred, the policies were still in the hands of the agent. They had been left there by the plaintiff, and her possession of them was that of the plaintiff, and not of the company. On December 14th, when plaintiff paid the agent the balance of the premium, he testified that he "asked her for the policies. She said the policies had gone in for cancellation." Mrs. Menerey testified that she sent the policies to the defendant; that she reported the loss, and that an adjuster, sent by the company, came to her office and examined her records of the policies issued, and that the policies were returned to her from the defendant a few days be-

fore she turned them over to plaintiff's attorney on February 9th.

J. E. Ettinger, who held a mortgage on the home property, testified that he asked for the policy made payable to him as his interest should appear, and Mrs. Menerey told him that it had been sent in for cancellation. It does not appear that these policies were canceled. Defendant's officials well knew that, to entitle plaintiff to recover under them, he must file proofs of loss within 60 days after the fire occurred. They also knew, or should be charged with knowing, that plaintiff must have the policies in his possession in order to submit such proofs, and yet they retained them in their possession until after the 60-day period had expired.

While, as before stated, Mrs. Menerey's possession was the possession of the plaintiff, it was her duty to him to deliver the policies upon his request therefor. This she failed to do, but sent them to the defendant. Her explanation is, "I thought they were no use to anybody after a fire with a total loss. I didn't think they was any use to anybody." When the officials of the company received these policies, they had been informed of the loss and had sent an adjuster to investigate it. It also appears that the letter written by plaintiff to Mrs. Menerey on January 9th (above quoted) was produced on the hearing by defendant's attorney. Mrs. Menerey testified that she did not know whether she had sent it to the company or not. The jury might well have found that she did so. The retention of the policies by the defendant until after the time for making proofs of loss had expired, in view of the information conveyed to it that plaintiff was seeking to secure them or the name of the insurer, was inexcusable. Had it mailed the policies to the plaintiff, or sent them to

its agent with instructions to deliver them, the necessary proofs would doubtless have been furnished. By its own acts it prevented a compliance with the terms of its policies, and cannot now be heard to rely on such noncompliance as a defense to this action.

The judgment is reversed, with costs, and a new trial ordered.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.