DASEN *v* FRANKENMUTH MUTUAL INSURANCE COMPANY

1. INSURANCE—FIRE INSURANCE—STANDARD POLICY—APPRAISAL.

The trial court properly impressed upon the policy of fire insurance delivered to plaintiffs all of the provisions of the statutory standard fire insurance policy, including the provision concerning appraisal proceedings, even though the policy delivered did not comply with the statutory standard policy, because the Legislature has provided that no policy of fire insurance shall be issued which fails to comply with the statutory standard fire insurance policy (MCLA 500.2806[2], 500.2832).

2. INSURANCE — FIRE INSURANCE — STATUTORY POLICY — NONCOMPLIANCE — PENALTY.

Imposition *sua sponte* of a $250 fine upon the defendant insurance company, in a suit to enforce a fire insurance policy, for failure to deliver a statutory standard fire insurance policy was error because the penalty must be sued for and recovered in the name of the people by either a prosecuting attorney or the Attorney General (MCLA 500.230).

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 January 6, 1972, at Lansing. (Docket No. 11538.) Decided March 28, 1972.

Complaint by Rollin V. Dasen and Etta E. Dasen against Frankenmuth Mutual Insurance Company for enforcement of a policy of insurance. Accelerated judgment for defendant and a penalty imposed on the defendant for failure to comply with the statutory standard fire insurance policy. Plaintiffs ap-

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 43 Am Jur 2d, Insurance § 291 *et seq.*

peal and defendant cross-appeals. Affirmed as to accelerated judgment; reversed as to penalty.

*W. Charles Kingsley,* for plaintiffs.

*John W. Berry,* for defendant.

Before: LESINSKI, C. J., and McGREGOR and QUINN, JJ.

PER CURIAM. This is a case of first impression involving the issuance of a policy of fire insurance, of which not all copies comply with the statutory requirements.

On July 18, 1969, a fire totally destroyed plaintiffs' home. There was in effect at the time of the fire a fire insurance policy issued by defendant in the face amount of $50,000. Having settled with respect to the contents destroyed, a dispute arose as to the actual cash value of the home itself. Plaintiffs claimed $50,000, whereas defendant argued that the value was substantially less. After protracted, futile negotiations, defendant demanded formal appraisal proceedings, as set forth in the statutory standard fire insurance policy. MCLA 500.2832; MSA 24.12832. Plaintiffs refused to engage in such proceedings, claiming that the policy they received did not incorporate any such provision.

Plaintiffs filed suit May 27, 1970, seeking enforcement of the policy of insurance. Defendant responded, moving for accelerated judgment on the basis that plaintiffs refused to comply with a condition precedent to suit: formal appraisal proceedings.

Having heard arguments, the trial court rendered its opinion, indicating that whether or not there was delivery of the mandatory statutory standard form,

the provisions were to be impressed upon every fire policy, including the instant one.

The court went further and imposed upon defendant a $250 penalty, as provided in MCLA 500.2866; MSA 24.12866.

Upon defendant's motion for rehearing, the trial court reiterated its former holding.

Plaintiffs appeal as of right and defendant cross-appeals. On appeal, there are two issues: (1) whether the trial court erred in impressing upon the policy of fire insurance, delivered by defendant to plaintiffs, all provisions of the Michigan standard fire policy, where such provisions did not appear in the policy received by plaintiffs, and (2) whether the trial court erred in imposing *sua sponte* the penalty provided in MCLA 500.2866; MSA 24.12866, for defendant's failure to deliver a copy of the statutory standard fire policy to plaintiffs.

Plaintiffs assert that the policy they received was the entire contract and that the court was not free to rewrite it. While, generally, this proposition is supported, in the instant case the Legislature has provided that *no* policy of fire insurance shall be issued which fails to comply with the statutory form. MCLA 500.2806(2); MSA 24.12806(2).

In *Wendel* v *Swanberg*, 384 Mich 468, 478 (1971), the Court held that:

"Mandatory statutory provisions are read into insurance contracts though they be omitted by the parties. *Galkin* v. *Lincoln Mutual Casualty Co.* (1937), 279 Mich 327; *Chrysler Corporation* v. *Hardwick* (1941), 299 Mich 696."

We affirm this portion of the trial court's holding.

Defendant asserts that clear error attends the imposition of the penalty provided in MCLA 500.-2866; MSA 24.12866. This statute provides in part:

"Any person that shall, either as principal or agent, wilfully issue or cause to be issued, any policy or contract of fire insurance on property situated within this state, contrary to the provisions of this chapter, shall forfeit the sum of $250.00 for each policy or contract so issued."

However, it is provided elsewhere, in MCLA 500.230; MSA 24.1230:

"Every penalty provided for by this code, if not otherwise provided for, shall be sued for and recovered in the name of the people by the prosecuting attorney of the county in which the insurer or the agent or agents so violating shall be situated; and shall be paid into the treasury of said county; such penalties may also be sued for and recovered in the name of the people, by the attorney general, and, when sued for and collected by him, shall be paid into the state treasury."

In the instant situation, it was error for the trial court to impose a penalty upon defendant, and we reverse this part of the trial court's holding.

Remanded for action consistent with this opinion. No costs are awarded.