HAMMERMEISTER v RIVERSIDE INSURANCE COMPANY

Docket No. 56665. Submitted March 16, 1982, at Detroit.—Decided
  May 21, 1982. Leave to appeal applied for.

   Zetta Hammermeister, who was 65 years old and collecting old-
   age Social Security benefits at the time, was injured in an
   automobile accident. Farmers Insurance Company paid wage-
   loss benefits to Hammermeister as required by the no-fault
   automobile insurance act but set off the amount Hammermeis-
   ter received in Social Security benefits from the amount of
   wage-loss benefits it paid her. Hammermeister filed suit against
   Riverside Insurance Company, Judith M. Stone, Toby G. Stone
   and Farmers in Wayne Circuit Court. Plaintiff averred that
   Farmers had wrongfully refused to pay her certain no-fault
   insurance benefits. The action was transferred to the Oakland
   Circuit Court, which entered an order granting plaintiff's mo-
   tion for summary judgment against Farmers on the basis that
   Farmers had improperly offset her Social Security benefits from
   the wage-loss benefits due her under the no-fault act and that
   there existed no genuine issue as to any material fact, William
   J. Beer, J. Farmers appeals. *Held:*

     1. Summary judgment was improperly granted. A no-fault
   insurer may reduce work-loss benefits by Social Security bene-
   fits to the extent that the Social Security benefits would have
   been reduced had the insured continued to work. On the facts
   presented to the Court of Appeals, it is impossible to determine
   whether Farmers is entitled to set off the Social Security
   benefits plaintiff receives against the wage-loss benefits due her
   under the no-fault act. Neither the pleadings nor the factual
   posture of the case was such that Hammermeister was entitled
   to judgment as a matter of law or because no genuine issue
   existed as to any material fact.

     2. Plaintiff's contention that Farmers either waived or is
   estopped from asserting any defense relating to the computa-

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance §§ 328, 357 *et seq.*

Validity and construction of no-fault insurance plans providing for
  reduction of benefits otherwise payable by amounts receivable
  from independent collateral sources. 10 ALR4th 996.

tion and proof of wage loss because it paid the wage-loss claims minus the Social Security setoff cannot be determined by reference to the pleadings in this case. On remand plaintiff may present such evidence as it has on these claims to establish the same at trial.

Reversed and remanded.

INSURANCE — NO-FAULT INSURANCE — WORK-LOSS BENEFITS — SOCIAL SECURITY BENEFITS — SET-OFF.

A no-fault insurer may reduce work-loss benefits by Social Security retirement benefits to the extent that the Social Security benefits would have been reduced had the insured continued to work (MCL 500.3109[1]; MSA 24.13109[1]).

*Charfoos, Christensen, Gilbert & Archer, P.C.* (by *John N. Marwick*), for plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Gary A. Maximiuk*), for defendant.

Before: BRONSON, P.J., and MAHER and J. R. ERNST,* JJ.

PER CURIAM. Appellant appeals by leave granted from an order entered in the Oakland County Circuit Court granting appellee's motion for summary judgment on the basis that appellant had improperly offset appellee's Social Security retirement benefits from wage-loss benefits due her under MCL 500.3107; MSA 24.13107. The trial court found that there existed no genuine issue as to any material fact. GCR 1963, 117.2(3).

This suit arose out of a March 25, 1979, automobile accident. At the time of the accident, appellee was 65 years of age and was collecting old-age Social Security benefits.

When appellant refused to discontinue setting off Social Security benefits from the wage-loss benefits it was paying, appellee instituted this suit.

* Circuit judge, sitting on the Court of Appeals by assignment.

Count II, the only one relevant to this dispute, averred that appellant had wrongfully refused to pay appellee certain no-fault insurance benefits. Appellant apparently filed an answer to this complaint, although it does not appear in the lower court file. Appellant contends that in respect to Count II, it asserted the following defenses (appellee does not contest the accuracy of appellant's claim):

"1. The failure of the plaintiff to provide reasonable proof of the fact and of the amount of the loss sustained as required by MCL 500.3124;

"2. The failure of the plaintiff to make any showing that the wage loss she seeks to recover is for work that she 'would have performed during the first three years after the date of the accident' as required by MCL 500.3107;

"3. The failure of the plaintiff to provide any proof to support her claim for wage losses required by the contract of insurance;

"4. The wording of MCL 500.3109 which provides for a setoff of any benefit provided under the laws of any state or the federal government."[1]

We agree with appellant that summary judgment was improperly granted in this case. Considering first the propriety of an insurer setting off old-age Social Security benefits against wage-loss benefits, we agree with the panel of this Court which decided *Jarosz v Detroit Automobile Inter-Ins Exchange,* 109 Mich App 86; 310 NW2d 903 (1981). There, this Court stressed that the purpose behind MCL 500.3109(1); MSA 24.13109(1) was the

---

[1] This case was transferred from Wayne to Oakland County on June 17, 1980. It is possible that when the transfer occurred, certain relevant documents were misplaced. For purposes of this appeal, we assume the accuracy of appellant's claim that it filed an answer and the substance of this answer.

complete and effective coordination of benefits under Michigan's no-fault act with benefits provided under all other laws of the state and federal government. The *Jarosz* holding stands for the proposition that a no-fault insurer may reduce work-loss benefits by Social Security retirement benefits to the extent that the Social Security benefits would have been reduced had the insured continued to work.

On the facts before us, we cannot resolve the question of whether appellant is entitled to set off Social Security benefits against wage-loss benefits payable under the no-fault act. Indeed, we cannot even determine if appellant is liable to appellee for wage-loses benefits. By her own admission, appellee last worked on December 24, 1978. If the period between December 24 and the time of the accident can be deemed a term of "temporary" unemployment pursuant to MCL 500.3107a; MSA 24.13107(1), then appellant would be liable for wage-loss benefits. However, if appellee was fully retired as of December 24, 1978, appellant is not liable to her for wage-loss benefits. Assuming appellee was not fully retired, appellant might be entitled to a setoff in accordance with *Jarosz* (fn 1 in *Jarosz* gives an illustrative example as to how the setoff should be computed).

Apart from the setoff defense raised by appellant, other defenses were asserted which might well relieve it of any liability to appellee.[2] Neither the pleadings nor the factual posture of the case was such that appellee was entitled to judgment as

---

[2] Our opinion proceeds on the assumption that appellant really did answer appellee's complaint in the manner alleged in its brief on appeal. Given that this is only an assumption, we do not foreclose appellee from establishing on remand that no answer was ever filed or that the defenses asserted were not those claimed to have been raised by appellee.

a matter of law or because no genuine issue existed as to any material fact.

Appellee asserts, however, that appellant either waived or is estopped from asserting any defenses relating to the computation and proof of wage loss because it paid the wage-loss claims minus the Social Security setoff. As authority, plaintiff cites *Johnston v Manhattan Fire & Marine Ins Co*, 294 Mich 550, 556; 293 NW 747 (1940), which states:

"As we have previously held, the insurer may waive its right to have proof of loss furnished within the time limited 'by acts and conduct manifesting an intent and purpose not to claim the supposed advantage, or by so neglecting and failing to act as to induce a belief that it was the intention and purpose to waive.' *Struble v National Liberty Ins Co*, 252 Mich 566 [233 NW 417 (1930)]."

Given the current factual posture of this case, we believe plaintiff's reliance on *Johnston* is misplaced. In *Johnston,* following a bench trial, the insurer was found to have waived its rights to require a proper proof of loss. This determination came only after a consideration of the circumstances which related to the belated proof of loss. Such a determination of the intent and conduct of the insurer cannot be made by reference to the pleadings in this case. The mere fact that the insurer paid some wage-loss benefits is insufficient by itself for us to hold that, in the event the insured filed suit objecting to the amount of benefits paid, the insurer is precluded from asserting that it owes the insured nothing at all. An insurer might rationally conclude it is better to pay something on a suspect claim than to litigate the matter in the hope of paying nothing at all, yet

take the position that it has no liability to the insured where the insured files suit.

There may be more to appellee's waiver and estoppel arguments than appears on the current record. If so, appellee may present such evidence as it has on these claims to establish the same at trial.

Reversed and remanded. Costs to abide the final outcome of this case.