### YOUNG v MICHIGAN MUTUAL INSURANCE COMPANY

Docket No. 71259. Submitted October 2, 1984, at Lansing.—Decided December 17, 1984.

Gerald E. Young was injured when an uninsured motorist hit him. His insurer was Michigan Mutual Insurance Company. Young brought an action in the Gratiot Circuit Court, alleging that Michigan Mutual failed and refused to pay, or delayed in paying, insurance benefits due him and that such actions constituted a tort under the Uniform Trade Practices Act. The court, Randy L. Tahvonen, J., granted summary and accelerated judgment for defendant. Accelerated judgment was granted based on an arbitration clause in the insurance policy. Plaintiff appealed by leave granted. *Held:*

1. Arbitration is a matter of contract and a party cannot be required to arbitrate an issue which he had not agreed to submit to arbitration. The dispute was not subject to arbitration by the terms of the arbitration clause. Therefore, the grant of accelerated judgment was improper.

2. A private person has no private cause of action in tort for violation of the provisions of the Uniform Trade Practices Act requiring timely payment of claims to insureds and designating certain activities to be unfair competition or unfair or deceptive acts or practices. The intentional breach of a commercial insurance contract does not give rise to an actionable tort. Summary judgment was proper.

Affirmed as to the grant of summary judgment.

1. ARBITRATION — CONTRACTS.

Arbitration is a matter of contract and a party cannot be re-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award § 11.

[2] 61A Am Jur 2d, Pleading § 230 *et seq.*

[3] 36 Am Jur 2d, Forfeitures and Penalties § 67.

    43 Am Jur 2d, Insurance § 17 *et seq.*

    44 Am Jur 2d, Insurance §§ 1771, 1772.

    73 Am Jur 2d, Statutes § 316.

[4] 54 Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices § 628.

[4, 5] 17 Am Jur 2d, Contracts §§ 441, 508.

    74 Am Jur 2d, Torts §§ 23-25.

quired to arbitrate an issue which he has not agreed to submit to arbitration.

2. MOTIONS AND ORDERS — SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment on the ground that the complaint fails to state a cause of action is to be tested by the pleadings alone and tests the legal basis of the complaint, not whether it can be factually supported; unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied (GCR 1963, 117.2[1]).

3. INSURANCE — ACTIONS — INSURANCE CODE.

The Insurance Code precludes private parties from recovering penalties specified in the Code except where express provision is made to the contrary (MCL 500.230; MSA 24.1230).

4. INSURANCE — ACTIONS — TORTS — UNIFORM TRADE PRACTICES ACT.

A private person has no private cause of action in tort for violation of the provisions of the Uniform Trade Practices Act requiring timely payment of claims to insureds and designating certain activities to be unfair competition or unfair or deceptive acts or practices (MCL 500.2006, 500.2026; MSA 24.12006, 24.12026).

5. INSURANCE — ACTIONS — TORTS — INTENTIONAL BREACH.

The intentional breach of a commercial insurance contract does not give rise to an actionable tort.

*Timothy J. Taylor, P.C.* (by *Daniel H. Pyscher*), for plaintiff.

*Collison, Chasnis & Dogger, P.C.* (by *Mark Grierson*), for defendant.

Before: CYNAR, P.J., and M. J. KELLY and R. L. EVANS,* JJ.

CYNAR, P.J. Plaintiff was injured in an automobile accident by an uninsured motorist on May 30, 1981. A dispute arose between plaintiff and defendant concerning both the personal protection in-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

surance benefits and benefits payable under the uninsured motorist coverage. Defendant apparently paid some of the personal injury protection benefits and plaintiff instituted an action in district court for those benefits allegedly outstanding. The district court action is still pending. On September 7, 1982, plaintiff demanded arbitration on the uninsured motorist claim pursuant to the terms of the insurance policy. The award was arbitrated and an award was given. Plaintiff also filed an action in Gratiot County Circuit Court alleging that defendant failed and refused to pay, or delayed in paying, plaintiff's insurance benefits, and that such actions constituted a tort under the Uniform Trade Practices Act. A motion for summary judgment under GCR 1963, 117.2(1) and a motion for accelerated judgment under GCR 1963, 116.1(2) were filed by defendant. Both motions were granted by the trial court. Plaintiff filed a delayed application for leave to appeal. Leave was granted by this Court.

Defendant based its motion for accelerated judgment pursuant to GCR 1963, 116.1(2) on the following arbitration clause in the insurance contract which provided:

"If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself

bound and to be bound by any award made by the arbitrators pursuant to this Part."

The dispute between the parties does not fall within the terms of the arbitration clause. Plaintiff's claim does not involve his entitlement to benefits. Plaintiff, as will be discussed below, asserted a tort claim against the insurance company. Plaintiff was not seeking benefits under the contract in circuit court, nor was plaintiff claiming disagreement, in the circuit court action, with the amount of money due under the contract for his injuries. Plaintiff's claim was that there was actionable tortious conduct on the part of the defendant as the result of its handling of the claim. This type of dispute was not within the terms expressed in the arbitration clause. Arbitration is a matter of contract. A party cannot be required to arbitrate an issue unless he has agreed to do so. *Kaleva-Norman-Dickson School Dist No 6 v Kaleva-Norman-Dickson School Teacher's Ass'n,* 393 Mich 583, 587; 227 NW2d 500 (1975). No construction of the arbitration clause can support the conclusion that this dispute was subject to arbitration; therefore accelerated judgment under GCR 1963, 116.1(2) was improper.

The next issue is whether summary judgment was properly granted pursuant to GCR 1963, 117.2(1). Summary judgment should only be granted when the plaintiff's claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Graves v Wayne County,* 124 Mich App 36; 333 NW2d 740 (1983).

Plaintiff alleged three alternative bases for legal relief in the broadly stated complaint. First, plaintiff alleged that defendant's actions in handling his claim for benefits constituted tortious conduct be-

cause they violated § 2006 of the Uniform Trade Practices Act, MCL 500.2006; MSA 24.12006. Second, plaintiff alleged the same actions constituted tortious conduct because they violated MCL 500.2026; MSA 24.12026. Third, plaintiff alleged tortious conduct amounting to bad faith failure to settle the claim resulting in anxiety, outrage and hardship to the plaintiff.

We first consider whether a private party may maintain an action in tort for violation of MCL 500.2006; MSA 24.12006. Plaintiff contends that MCL 500.2006; MSA 24.12006 creates a cause of action in tort which can be maintained by a private party. We disagree. In *Barker v Underwriters at Lloyd's, London,* 564 F Supp 352 (ED Mich, 1983), the same question was before the district court. The plaintiff alleged that the insurer refused to promptly settle a fire insurance claim. Plaintiff also alleged, as in this case, that MCL 500.2006; MSA 24.12006 of the UTPA created an implied cause of action in a private party. The district court rejected that argument.

In *Barker,* the district court noted, as we do, that the UTPA was an amendment to the Insurance Code of 1956, 1956 PA 218; MCL 500.100 *et seq.;* MSA 24.1100 *et seq.* The UTPA is part and parcel of the Insurance Code. The Insurance Code states:

"Every penalty provided for by this code, if not otherwise provided for, shall be sued for and recovered in the name of the people by the prosecuting attorney of the county in which the insurer or the agent or agents so violating shall be situated; and shall be paid into the treasury of said county; such penalties may also be sued for and recovered in the name of the people, by the attorney general, and, when sued for and collected by him, shall be paid into the state treasury." MCL 500.230; MSA 24.1230.

The provision precludes a private party from recovering penalties specified in the code unless otherwise provided. *Dasen v Frankenmuth Mutual Ins Co,* 39 Mich App 582; 197 NW2d 835 (1972).

This Court has held that a private party may directly recover the interest penalty in an action against the insurer. *Fletcher v Aetna Casualty & Surety Co,* 80 Mich App 439; 264 NW2d 19 (1978), *aff'd on other grounds* 409 Mich 1; 294 NW2d 141 (1980); *Herring v Golden State Mutual Life Ins Co,* 114 Mich App 148; 318 NW2d 641 (1982). However, the interest penalty is not what plaintiff sought here. Plaintiff instead contended that a cause of action in tort which can be pursued by a private party has been implicitly created by MCL 500.2006; MSA 24.12006. That is the gravamen of his complaint and the position was restated emphatically in his brief on appeal. We do not agree with that position. We believe the position enunciated in *Barker, supra,* p 355, is, instead, the correct one:

"The Court finds that plaintiffs may assert a private cause of action to recover the interest penalty in section 2006 of the UTPA since that section provides that the insurer pay the interest penalty to the insured on claims not paid on a timely basis. In the absence of any authority supporting the maintenance of a private cause of action founded upon any other section of the UTPA, the Court concludes that section 230 of the Insurance Code of 1956, MCLA § 500.230, governs the enforcement of the UTPA and that plaintiff may not assert a private cause of action based on other alleged violations of the UTPA."

Summary judgment was proper on this issue. There is no implied private cause of action in tort for violation of MCL 500.2006; MSA 24.12006. This conclusion is further buttressed by our discussion

of plaintiff's claim under MCL 500.2026; MSA 24.12026.

Plaintiff also claimed that a private cause of action is implied by MCL 500.2026; MSA 24.12026. This claim was rejected by the Michigan Supreme Court in *Shavers v Attorney General,* 402 Mich 554, 604, fn 27; 267 NW2d 72 (1978), *cert den sub nom Allstate v Kelley,* 442 US 934; 99 S Ct 2869; 61 L Ed 2d 303 (1979). The Michigan Supreme Court noted that isolated incidents do not constitute unfair trade practices under MCL 500.2026; MSA 24.12026; MCL 500.2027; MSA 24.12027. There can be no independent cause of action in a particular insurance client since an insurance client's dealings with an insurance company are of necessity an isolated incident. MCL 500.2026; MSA 24.12026 is designed to give the Commissioner of Insurance authority over certain continuing practices of insurance companies. See MCL 500.2028 *et seq.;* MSA 24.12028 *et seq.* The insured does not have an independent cause of action under MCL 500.2026; MSA 24.12026.

Plaintiff's final claim, as suggested by his complaint, was that defendant's bad faith acts or omissions caused him hardship, anxiety, outrage and inconvenience. In *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 423; 295 NW2d 50 (1980), the Court was faced with a similar set of allegations. The plaintiff claimed that the defendant's breach of a commercial insurance contract resulted in an actionable tort. After acknowledging case law in other jurisdictions, the Court stated:

"The plaintiff in this case alleged and proved no more than the failure of the defendant to discharge its obligations under the disability insurance contract.

"We decline to follow the California court and to declare the mere bad-faith breach of an insurance indemnity contract an independent and separately actionable tort and to thereby open the door to recovery for mental pain and suffering caused by breach of a commercial contract."

This Court applied *Kewin, supra,* in *Smith v Metropolitan Life Ins Co,* 107 Mich App 447, 451; 309 NW2d 550 (1981). *Kewin* also applies here.[1]

Summary judgment was proper under GCR 117.2(1) because plaintiff failed to state a claim upon which relief could be granted.

Affirmed as to the grant of summary judgment.

---

[1] We note that this Court has held on two recent occasions that an insurance company's bad faith refusal to settle a claim against the insured by a third party which exposes the insured to excess liability is actionable. *Commercial Union Ins Co v Medical Protective Co,* 136 Mich App 412; 356 NW2d 648 (1984); *Commercial Union Ins Co v Liberty Mutual Ins Co,* 137 Mich App 381; 356 NW2d 648 (1984). This case is distinguishable because the claim was by the insured against the insurance company, not by a third party against the insured. Note also that the alleged bad faith actions by the insurance company asserted by the plaintiff in this case did not expose the plaintiff to excess liability. We believe this case falls squarely within *Kewin, supra.*