DELLAR v FRANKENMUTH MUTUAL INSURANCE COMPANY

Docket No. 95354. Submitted June 23, 1987, at Grand Rapids. Decided November 21, 1988. Leave to appeal applied for.

On November 16, 1983, a house owned by Nancy Dellar and insured by Frankenmuth Mutual Insurance Company was damaged by fire. Dellar immediately notified Frankenmuth of the fire and Frankenmuth extensively investigated. On December 30, 1983, Frankenmuth requested that Mrs. Dellar submit to examination under oath. On January 12, 1984, Dellar's counsel informed Frankenmuth of his representation and requested a copy of the policy. Her counsel made subsequent requests for a copy of the policy on January 31, 1984, and on February 14, 1984, when Mrs. Dellar gave her sworn testimony. The company gave him a copy of the policy on March 24, 1984, along with a contents evaluation statement for Mrs. Dellar to fill out. Mrs. Dellar was charged with and acquitted of arson. She brought an action in the Alcona Circuit Court against Frankenmuth under the policy and the court, Robert R. Ferguson, Jr., granted summary disposition in favor of defendant for plaintiff's failure to file a sworn proof of loss within sixty days of the fire as required by her contract. Plaintiff appealed.

The Court of Appeals *held:*

1. An insurer's failure to specify what constitutes satisfactory proof of loss within thirty days of receipt of a claim is not a condition precedent to an insured's duty to provide a sworn proof of loss, but it is a factor relevant to whether an insurer is estopped from asserting failure to file a proof of loss as a defense to an otherwise valid claim.

2. Lack of prejudice to defendant is irrelevant to the issue whether plaintiff's failure to file a proof of loss bars recovery under the contract.

3. Plaintiff was entitled to raise a question of fact whether defendant waived or was estopped from asserting the failure to

REFERENCES

Am Jur 2d, Insurance §§ 1323 *et seq.,* 1946, 1950.
Admissibility and conclusiveness, as against insured, of statements in proof of loss. 58 ALR2d 429.

file a proof of loss as a defense to her claim under the contract. The grant of summary disposition was error.

Reversed and remanded.

1. INSURANCE — PROOF OF LOSS — ESTOPPEL — EVIDENCE.

An insurer's failure to specify what constitutes satisfactory proof of loss within thirty days of receipt of a claim is not a condition precedent to an insured's duty to provide a sworn proof of loss, but it is a factor relevant to whether an insurer is estopped from asserting failure to file a proof of loss as a defense to an otherwise valid claim (MCL 500.2006[3], 500.2832; MSA 24.12006[3], 24.12832).

2. INSURANCE — PROOF OF LOSS — PREJUDICE.

Failure to file a proof of loss within the statutory time bars recovery on a claim without regard to whether the insurer is prejudiced by the failure (MCL 500.2832; MSA 24.12832).

3. INSURANCE — PROOF OF LOSS.

The purpose of provisions in an insurance contract requiring the insured to give prompt notice of loss is to allow the insurer to make a timely investigation in order to evaluate the claim and to defend against a fraudulent, invalid or excessive claim.

4. ESTOPPEL — WAIVER.

A waiver is a voluntary relinquishment of a known right; estoppel is based on some misleading conduct or language of one person which, being relied on, operates to the prejudice of another and is applied to the wrongdoer by the court in denial of some right, which otherwise might exist, to prevent a fraud.

*Jason, Kowalski, Poch & Bartko* (by *R. John Poch*), for plaintiff.

*Bensinger, Combs & Cotant, P.C.* (by *Michael D. Combs*), for defendant.

Before: WAHLS, P.J., and MAHER and T. K. BOYLE,* JJ.

T. K. BOYLE, J. Plaintiff appeals from an order of the circuit court granting summary disposition in favor of defendant. We reverse the judgment and

_____

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

order and remand for further proceedings not inconsistent with this opinion.

## A. FACTS

The plaintiff-appellant, Nancy Dellar, had insured her residence under a homeowner's insurance policy issued by defendant-appellee, Frankenmuth Mutual Insurance Company. On November 16, 1983, Mrs. Dellar's husband died. On December 8, 1983, her house was burned. On December 20, 1983, she was charged with arson of her dwelling with intent to defraud her insurer, the defendant in this case.

Plaintiff immediately after the fire notified defendant of the loss. Defendant sent its adjuster to investigate the loss. By December 12, 1983, the investigation had accomplished the following: A tape-recorded statement had been taken from plaintiff, the damage had been photographed and analyzed, the house had been diagrammed, title had been checked, cleaning of the premises had been arranged, police reports of the fire had been obtained, and neighbors had been contacted and interviewed.

We may assume, given the way in which this case is presented to us on summary disposition granted against plaintiff, that the insurance investigator gave to Mrs. Dellar a contents evaluation form to fill out and return.

The house was uninhabitable due to the fire, and Mrs. Dellar took residence elsewhere, a fact actually or constructively known by defendant.

As noted above, within three days of the fire, a rather full investigation of the fire was conducted by defendant. Within eight days, Mrs. Dellar was charged with a felony of intending to defraud defendant.

On December 30, 1983, the defendant requested that Mrs. Dellar submit to an examination under oath to be given before a court reporter regarding her claim of loss. She retained counsel who notified defendant's counsel by letter dated January 12, 1984, that he represented plaintiff, that she was in the process of collecting data for her proof of loss, that she requested temporary living expenses, and that he needed a copy of the insurance policy in order to represent her.

Again, on January 31, 1984, Mrs. Dellar's attorney confirmed that she would give her sworn statement to defendant on February 14, 1984, and that he still needed and had not received a copy of the insurance policy.

On February 14, 1984, plaintiff gave her sworn statement, and, again, plaintiff's counsel requested a copy of the policy and additional time to file whatever was necessary to perfect the claim.

A copy of the policy was mailed to plaintiff's counsel. Mrs. Dellar mailed on March 24, 1984, a contents evaluation statement to defendant, which, according to her affidavits, is the only form she ever received from defendant at that point in time. This form was returned by defendant to plaintiff on March 30, 1984, in a letter stating that the form was not complete. Mrs. Dellar sent the form back saying it was the best she could do.

Events remained static until later when Mrs. Dellar was acquitted on the criminal charge. Her attorney then again demanded that her claim be honored and, when defendant refused, plaintiff filed a complaint for breach of the insurance contract two days short of one year after the fire, that is, on December 6, 1984. Defendant sought summary judgment based on plaintiff's failure to file a sworn proof of loss within sixty days as required

by her contract. The circuit court granted the motion.

The trial court found that it was undisputed that plaintiff failed to file a sworn proof of loss as required by the contract and by statute, MCL 500.2832; MSA 24.12832, within the required sixty-day period and that such omission constituted a failure of a condition precedent to bringing suit upon the contract. The court relied upon *Reynolds v Allstate Ins Co,* 123 Mich App 488; 322 NW2d 583 (1983).

### B. THE ISSUES

Plaintiff-appellant urges reversal of the case based on three issues.

First, she argues that her duty to supply a sworn proof of loss within sixty days is contingent upon defendant's performance of a condition precedent created by MCL 500.2006(3); MSA 24.12006(3), that is: "An insurer shall specify in writing the materials which constitute a satisfactory proof of loss not later than 30 days after receipt of a claim unless the claim is settled within the 30 days."

Plaintiff contends she never received the company's form for a proof of loss. Defendant contends it was mailed to her. In the context of the record, based on affidavits and depositions, this Court must assume that plaintiff never received the form for a proof of loss.

May an insurance company refuse to pay a claim based upon an insured's failure to file a sworn proof of loss where it is taken as true that neither the insured nor her attorney had a copy of the insurance policy, the insurance company failed to alert the insured as to the contract's condition that such proof of loss be filed, the insurance

company had been on notice well before expiration of the sixty-day period that steps were being taken to perfect a claim but that a copy of the contract was necessary for that purpose, and a full investigation had been completed by the company's investigator?

Clearly, it would be better policy that, in order for an insurance company to argue in favor of a forfeiture of benefits based exclusively on the failure to file a sworn proof of loss within sixty days, the company be required to give notice of such potential forfeiture *and* either its own form for proof of loss or a specification in writing of what constitutes a satisfactory proof of loss.

The trial court ruled that the duty imposed by MCL 500.2006(3); MSA 24.12006(3) upon the insurer is independent of, and unrelated to, the duty imposed upon the insured by MCL 500.2832; MSA 24.12832. Subsection 2006(3) is part of the Uniform Trade Practices Act under which a private person has no cause of action for an insured's breach of duty and may recover only an interest penalty for such violation based upon an otherwise valid claim. *Young v Michigan Mutual Ins Co,* 139 Mich App 600; 362 NW2d 844 (1984).

We agree that both provisions of the Insurance Code are regulatory in nature: § 2832 regulates contractual language, and § 2006 regulates the trade practices of the insurer. Both provisions of the code, however, relate to proof of loss. Section 2006(3) creates a statutory duty on the part of an insurer with the benefit of such duty running to the insured to inform the insured of what constitutes a satisfactory proof of loss. To hold that a breach of such duty does not create a right on the part of the insured to sue in tort, as held in *Young, supra,* does not necessarily mean that a breach of such duty is wholly unrelated to whether

an insurer can achieve a forfeiture of insurance benefits for the insured's failure to file a proof of loss within sixty days where the insured claims she would have done so but for the breach of duty by the insurer under § 2006(3).

We are invited by plaintiff to rule as a matter of law that performance by an insurer under § 2006(3) is a condition precedent to an insured's duty under § 2832(1) to provide a sworn proof of loss. We decline to go so far, but clearly a breach of such duty is a factor relevant to whether an insurer is estopped from asserting as a defense to payment of an otherwise valid claim the failure on the part of the insured to file a proof of loss.

Second, we are urged by plaintiff to rule that no insurer may obtain summary disposition of an insured's complaint for failure to file a timely proof of loss unless the insurer pleads and proves prejudice.

There are cases which state that mere delay in giving notice under an insurance policy does not work a forfeiture because such notice provisions are construed to require notice within a reasonable time, that prejudice to the insurer is a material element in the determination whether notice was reasonably given, and that the burden is on the insurer to demonstrate such prejudice. See *Wendel v Swanberg,* 384 Mich 468, 477-478; 185 NW2d 348 (1971); *Kermans v Pendleton,* 62 Mich App 576, 581-582; 233 NW2d 658 (1975).

However, these cases relate to insurance contracts without specific time limits for notice or proof of loss. A clear line of authority exists contrary to plaintiff's contention where the case involves a policy containing the statutory language requiring proof of loss within sixty days. *Helmer v Dearborn National Ins Co,* 319 Mich 696; 30 NW2d

399 (1948); *Fenton v National Fire Ins Co,* 235 Mich 147; 209 NW 42 (1926).

Clearly, the failure to file a signed and sworn proof of loss within sixty days of the loss bars recovery on a claim without regard to whether the insurer is prejudiced by such failure. See *Reynolds v Allstate Ins Co, supra.*

Reliance by plaintiff on cases such as *Hobbs v Dep't of State Highways,* 398 Mich 90; 247 NW2d 754 (1976), which states that the only legitimate purpose for notice requirements is to prevent prejudice to the person to whom notice must be given and that, therefore, suit can only be barred by the failure to give notice upon proof of prejudice, is misplaced. *Hobbs* involves torts, not contracts. *Hobbs* involves governmental immunity as a backdrop. Finally, *Hobbs* rests upon an analysis of equal protection where distinctions are drawn between classes of litigants. It simply has no application in this lawsuit.

Finally, plaintiff argues that the trial court erred in granting summary disposition because there were disputed questions of fact whether plaintiff substantially complied with the proof of loss provision, whether defendant waived the filing of the proof of loss, whether defendant is estopped from asserting that plaintiff failed to file the proof of loss, and whether plaintiff should be excused, based on the facts of this case, from the filing requirement.

The purpose of provisions in an insurance contract requiring the insured to give prompt notice is to allow the insurer to make a timely investigation in order to evaluate claims and to defend against fraudulent, invalid, or excessive claims. *Wendel v Swanberg, supra.* The filing of a proof of loss within sixty days allows the insurer to determine with certitude that the insured demands payment

under the policy, the amount of the claim, and the question of its liability.

Here, plaintiff immediately notified the insurer. A rather full investigation of the loss occurred within three days. The insurer had possession of plaintiff's tape-recorded statement concerning the fire. Plaintiff was then charged with arson with intent to defraud defendant, her insurer, within twelve days of the fire. On December 30, 1983, the insured requested that plaintiff submit to an examination under oath concerning her claim. Plaintiff's counsel indicated to defendant that neither he nor plaintiff had a copy of the insurance policy and that he needed a copy in order to perfect the claim of loss. On at least three occasions he requested a copy of the policy, but none was supplied until after expiration of the sixty-day period for filing the proof of loss.

Plaintiff gave her sworn testimony on February 14, 1984, sixty-eight days after the loss. She mailed to the insurer a contents evaluation statement, the only form she ever received from the insurer, on March 24, 1984. The insurer returned the form to her, after making copies, with a statement that it was incomplete. She returned the same form stating it was the best she could do. Nothing further occurred until after plaintiff was acquitted of the criminal charge. Suit was then started for breach of contract on December 6, 1984, less than one year from the date of the fire.

"A waiver is a voluntary relinquishment of a known right. Estoppel is based on some misleading conduct or language of one person which, being relied on, operates to the prejudice of another, and is applied to the wrongdoer by the court in denial of some right, which otherwise might exist, to prevent a fraud." *Dahrooge v Rochester-German Ins Co,* 177 Mich 442, 451-452; 143 NW 608 (1913).

In *Struble v National Liberty Ins Co of America,* 252 Mich 566; 233 NW 417 (1930), a trial court's directed verdict against plaintiff because of her failure to file a proof of loss within sixty days was reversed because the insured did not have her policy. She was unaware of the necessity to file the proof of loss, and the insurance company failed to provide the policy until after expiration of the sixty-day period. The Court held that, whether termed a waiver or estoppel, the failure of the insurer to provide the policy until after the expiration of the sixty-day period prevented plaintiff's compliance, and the insurer could not then be heard to assert noncompliance as a defense.

In *Compton v Michigan Millers Mutual Ins Co,* 150 Mich App 454; 389 NW2d 111 (1986), lv den 425 Mich 885 (1986), the insured gave immediate notice of a fire but never filed a proof of loss. The insurer presented a proof of loss for signature, but the insured refused to sign it because he disputed the amount. After negotiations failed, the insured sued four years after the loss. This Court held that it was error to grant summary disposition where the insured claimed reliance on the insurer's assertion that the insurer would prepare the proof of loss. It was a question of fact whether the insurer was estopped to assert the failure to file the proof of loss since plaintiff may have been required to rely on defendant-insurer to provide the form.

Here, plaintiff did not receive a copy of the policy from defendant until after expiration of the sixty-day period despite at least two timely demands for it. Plaintiff also claims she never received during the period before commencement of legal action a proof of loss form.

On the authority of *Struble, supra,* and *Compton, supra,* plaintiff was entitled to raise a question

of fact before a factfinder whether waiver or estoppel occurred. Summary disposition was error.

Moreover, the facts of this case clearly demonstrate that, whatever purpose might exist for the requiring of the filing of a sworn proof of loss, such purpose was fulfilled. Clearly there was immediate notice, a full investigation, a pending criminal charge, and an examination of the plaintiff by defendant. A sworn proof of loss would add nothing in the context of this case, and its functional equivalent already existed.

Again, defendant-insurer continued to deal with plaintiff after expiration of the sixty-day period by conducting the examination and by returning the contents evaluation form requesting more information.

Finally, defendant seeks a total forfeiture of protection under the policy by asserting that plaintiff breached a condition precedent to recovery by failing to timely file the proof of loss. On the facts of the case, the failure was technical and without prejudice to defendant. Meanwhile, defendant breached a clear statutory duty under § 2006(3) of the code to inform plaintiff within thirty days of her notice of loss of what would constitute a satisfactory proof of loss. Whether defendant in truth breached its duty may be in dispute, but we must assume in dealing with summary disposition that plaintiff did not receive a proof of loss form. Whether there are facts proving a breach of duty is a question for a factfinder relevant to the issue of waiver or estoppel.

The granting of the motion for summary disposition is reversed, and the case is remanded for further proceedings.