NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0637n.06

No.  12-2209

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 09, 2013
DEBORAH S. HUNT, Clerk

LOUIS V. TELERICO; TERRI ROEDER,

      Plaintiffs-Appellants,

v.

NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY,

      Defendant-Appellee.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

                                     /

BEFORE:    SILER, CLAY, and GIBBONS, Circuit Judges.

**CLAY, Circuit Judge.**  Plaintiffs Louis Telerico and Terri Roeder appeal the district court's grant of summary judgment in favor of Defendant Nationwide Mutual Fire Insurance Company. Plaintiffs filed a complaint in Michigan state court, alleging that Defendant breached their insurance contract by failing to pay a claim related to water damage from a leaky roof.  Defendant removed the case to federal court, invoking the district court's diversity jurisdiction.  Defendant argues, among other things, that Plaintiffs did not comply with the terms of the insurance contract because Plaintiffs failed to submit a sworn proof of loss within the requisite period.  The district court agreed and granted summary judgment to Defendant.  Because Michigan law is clear that Plaintiffs' failure to timely submit a sworn proof of loss is dispositive of their claims, we **AFFIRM** the district court's grant of summary judgment.

## BACKGROUND

Plaintiff Terri Roeder purchased a homeowners insurance policy from Defendant to protect her residence near Houghton Lake in Roscommon Township, Michigan. The relevant portion of Plaintiffs' insurance policy reads as follows:

3.    **Your Duties after Loss.** In case of loss, **you** must: . . .

d) submit to **us**, within 60 days after **we** request, **your** signed, sworn proof of loss . . . .

8.    **Suit Against Us.** No action can be brought against **us** unless there has been full compliance with the policy provisions.

(R. 42-3 (emphasis in original).)

Plaintiffs alleged that there were unusually high levels of ice and snow in the Houghton Lake area during the winter of 2003–2004. During that winter, the roof of Plaintiffs' residence began sagging, which in turn allowed water to leak into the structure and caused extensive damage to the roof itself, interior drywall, electrical wiring, and carpets. In May 2004, Plaintiffs hired Daughty Construction Company to provide an estimate of the cost of repairing the damage. In July 2004, Daughty sent Defendant a letter estimating that the cost of repair would be approximately $60,000. Defendant engaged an outside agent to conduct an independent investigation of the damage, but this agent was never able to examine the residence. The parties blame each other for this problem; Plaintiffs claim that the agent could not be contacted, while Defendant claims that Plaintiffs cancelled or abandoned their appointments with the agent.

On January 7, 2005, Defendant sent Plaintiffs a letter informing them of the insurance policy's requirement that they submit a sworn proof of loss within 60 days. The letter described in

detail what information the proof of loss should contain, and it enclosed a blank proof of loss form for Plaintiffs to complete. Defendant asserts that it never received a response to this letter or a sworn proof of loss. Consequently, Defendant never paid on the claim.

On January 19, 2011, Plaintiffs filed suit in Roscommon County Circuit Court against Defendant, alleging common-law breach of contract, unjust enrichment, and conversion. They attached to their complaint a document purporting to be the sworn proof of loss, dated January 20, 2005. Plaintiffs sought damages of approximately $58,000 on the breach of contract and unjust enrichment claims, and $174,000 on the conversion claim, all arising from Defendant's failure to pay under the policy. A short time later, Defendant removed the case to federal court.

Although Plaintiffs attached what appeared to be the sworn proof of loss to their complaint, both Plaintiffs Roeder and Telerico testified during their depositions that they could not recall actually placing the proof of loss in the mail. (R. 42-7, at 40–41; R. 42-8, at 76–78.) Telerico seemed to assume that he had mailed it without specifically recalling doing so when he stated, "No, I don't recall mailing it but I do—if I signed it and sent it in I wouldn't hesitate on mailing it." (R. 42-8, at 78.) Roeder further testified that she could not recall the damage to the roof or when it occurred, apparently because she had allowed Telerico to handle the insurance claim. Roeder did not recall having any communications with Defendant. After Defendant moved for summary judgment, Plaintiffs submitted an affidavit in which Telerico asserted that he did, in fact, place the proof of loss in the mail within the requisite 60 day period.

In April 2012, Defendant moved for summary judgment on numerous grounds, including that the insurance policy excluded Plaintiffs' losses from coverage and that Plaintiffs had failed to timely

submit a sworn proof of loss. The district court granted Defendant's motion on both grounds and entered a judgment in Defendant's favor.

## DISCUSSION

We review a grant of summary judgment *de novo*, construing the evidence and drawing all reasonable inferences in favor of the nonmoving party. *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "'[T]here must be evidence on which the jury could reasonably find for the' non-moving party." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). When reviewing claims arising under Michigan law, this Court must apply Michigan law "in accordance with the controlling decisions of the state supreme court." *Petroleum Enhancer, LLC v. Woodward*, 690 F.3d 757, 765 (6th Cir. 2012). In the absence of a controlling decision, this Court "must attempt to predict what the [state] Supreme Court would do if confronted with the same question." *Himmel v. Ford Motor Co.*, 342 F.3d 593, 598 (6th Cir. 2003).

In Michigan, insurance policies "are subject to the same contract construction principles that apply to any other species of contract." *Rory v. Continental Ins. Co.*, 703 N.W.2d 23, 26 (Mich. 2005). "[T]he foremost duty of a court in construing an insurance policy is to determine the intent of the contracting parties. . . . If the text of the insurance policy is clear and unambiguous, the contract must be enforced as written. An unambiguous contractual provision is reflective of the

parties' intent as a matter of law." *City of Grosse Point Park v. Mich. Mun. Liab. & Prop. Pool*, 702 N.W.2d 106, 122 (Mich. 2005) (internal quotation marks and alteration omitted).

The district court granted Defendant's motion for summary judgment, relying on two alternative rationales: first, it concluded that the insurance policy excluded coverage of the type that Plaintiffs claimed; and second, it found that Plaintiffs had not complied with the terms of the insurance policy because they did not timely submit a sworn proof of loss. Because we find the latter rationale dispositive of this appeal, we decline to address the former.

The district court found that Plaintiffs did not provide any evidence that they submitted a sworn proof of loss within the 60 days mandated by the insurance policy. On January 7, 2005, Defendant sent Plaintiffs a letter instructing them to submit a sworn proof of loss within 60 days, along with a blank proof of loss form for them to complete. Plaintiffs claim that they complied with this request by submitting a notarized sworn proof of loss on January 20, 2005. This document was attached to Plaintiffs' complaint, and it was also submitted to the district court as part of Plaintiffs' response to Defendant's motion for summary judgment.

Although this document purports to be a proper and timely sworn proof of loss, Defendant claims that it never received the document in the mail. Therefore, Defendant argues that it was justified in refusing to pay Plaintiffs' claim because of their failure to comply with the terms of the policy. *See Essa v. Pioneer State Mut. Ins. Co.*, No. 297493, 2011 WL 2625696, at \*1 (Mich. Ct. App. July 5, 2011) ("The Michigan Supreme Court has specifically held that the failure to provide an insurer with proof of loss within the deadline bars recovery by the insured."). The district court agreed because Plaintiffs could not remember mailing the document, and they could not provide any

evidence that it had been timely mailed. On appeal, Plaintiffs argue that they mailed the document on time and that, in any event, they substantially complied with the terms of the policy.

### A.     The Mailbox Rule

Under the common-law "mailbox rule," evidence that an item was properly addressed and placed in the mail creates a rebuttable presumption that the item was received. *Crawford v. State*, 527 N.W.2d 30, 32 (Mich. Ct. App. 1994); *see also Carroll v. Comm'r*, 71 F.3d 1228, 1232 (6th Cir. 1995) (The "proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee." (internal quotation marks and alterations omitted)). The party seeking the presumption bears the burden of presenting evidence that their mailing was properly addressed and mailed. *See Prof'l Bus. Servs., Inc. v. Credit Bureau of Greater Lansing, Inc.*, No. 254826, 2005 WL 3076917, at *3 (Mich. Ct. App. Nov. 17, 2005).

Defendant submitted an affidavit asserting that it never received a response to its request for a sworn proof of loss. To obtain the "mailbox rule" presumption of receipt, Plaintiffs were required to show that they had properly mailed the document. However, both Telerico and Roeder testified that they had no recollection of mailing the proof of loss. Roeder testified that she did not recall having any communications with Defendant at all, indicating instead that Telerico handled all such communications, including mailings and the proof of loss. Telerico testified that he mailed the letter containing the proof of loss, but he could not recall any details about how and where it was mailed. When asked if he recalled mailing the document, Telerico stated, "No, I don't recall mailing it but I do—if I signed it and sent it in I wouldn't hesitate on mailing it." (R. 42-8, at 78.) The most

natural interpretation of Telerico's statement is that he assumed he had mailed it given the existence of a signed and notarized copy—the copy eventually attached to Plaintiffs' complaint.

The common-law mailbox rule creates a rebuttable presumption of receipt only when the sender presents evidence that their letter was properly addressed and actually mailed. *See Crawford*, 527 N.W.2d at 42. The presumption is not an entitlement; rather, it is merely an inference drawn from the "probability that the officers of the [postal service] will do their duty and the usual course of business." *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884). Because Plaintiffs could not show that they properly deposited the proof of loss in the mail, the inference cannot be drawn and receipt cannot be presumed. *Cf. Prof'l Bus. Servs., Inc.*, 2005 WL 3076917, at *3 (finding the mailbox rule inapplicable when a letter, though sent, was not properly addressed).

After Telerico was deposed and Defendant filed its motion for summary judgment, he submitted an affidavit which asserted that he had indeed placed the completed proof of loss into a properly addressed envelope and deposited it in the mail. (R. 53-1.) However, the well-worn rule in the Sixth Circuit is that "[a] party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts [his] earlier deposition testimony." *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986). A contrary rule would "greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Id.* Plaintiffs presented no evidence that Defendant actually received their sworn proof of loss or that they are entitled to the "mailbox rule" presumption of receipt. Because a failure to provide the proof of loss bars Plaintiffs' recovery under the policy, the district court properly entered summary judgment in favor of Defendant.

7

**B.** **Substantial Compliance**

Alternatively, Plaintiffs argue that they substantially complied with the proof of loss requirement in the insurance policy by submitting other relevant documents. Michigan law does not provide Plaintiffs much room to maneuver on this issue. *See Westfield Ins. Co. v. Appleton*, 132 F. App'x 567, 570 (6th Cir. 2005) ("Michigan law . . . strongly favors insurance companies in connection with insurance policies that contain the somewhat standard 'proof of loss' requirement."). Under Michigan law, "the failure to file a signed and sworn proof of loss within sixty days of the loss bars recovery on a claim without regard to whether the insurer is prejudiced by such failure." *Dellar v. Frankenmuth Mut. Ins. Co.*, 433 N.W.2d 380, 383 (Mich. Ct. App. 1988).

One of the limited exceptions to this seemingly harsh rule is substantial performance. *See Gibson v. Group Ins. Co.*, 369 N.W.2d 484, 486 (Mich. Ct. App. 1985). "A contract is substantially performed when all the essentials necessary to the full accomplishment of the purposes for which the thing contracted has been performed with such approximation that a party obtains substantially what is called for by the contract." *Id.* (quoting 6A Mich. Law & Practice, Contracts § 314). In an insurance contract, the purpose of requiring a sworn proof of loss from the insured "is to allow the insurer to make a timely investigation in order to evaluate claims and to defend against fraudulent, invalid, or excessive claims." *Dellar*, 433 N.W.2d at 383.

Although it is undisputed that Defendant was aware of Plaintiffs' claim and had received some supporting documentation, Plaintiffs provided no evidence that Defendant received a sworn proof of loss or any other sworn statement. The Michigan courts have consistently held that an insured has not substantially complied with an insurance policy requiring a sworn proof of loss if

they have not timely submitted a signed and sworn statement attesting to their alleged loss. *See, e.g.*, *Johnson v. Memberselect Ins. Co.*, No. 302469, 2012 WL 1415114, at *5 (Mich. Ct. App. Apr. 24, 2012) (finding no substantial compliance when the insurance company did not receive any document with the insured's signature); *Pieces of 8, Inc. v. Ins. By Burley Agency, Inc.*, No. 233904, 2002 WL 31447078, at *2 (Mich. Ct. App. Nov. 1, 2002) (finding no substantial compliance absent a showing that the insured was "prevented from complying with the proof of loss provision by a course of action undertaken by the insurer").

Without a sworn statement, Defendant would not have been able to protect itself from fraud because it would have had nothing with which to bind Plaintiffs to their original statements. *See Westfield Ins. Co.*, 132 F. App'x at 575. Because fraud prevention is one of the key purposes of the proof of loss requirement, the failure to timely submit a sworn proof of loss cannot constitute substantial compliance with the requirement, notwithstanding the submission of other claim-related documentation. Plaintiffs did not timely submit a sworn proof of loss or any other sworn statement. Because Plaintiffs did not satisfy this key contractual requirement, Defendant is not liable under the policy. *See Dellar*, 433 N.W.2d at 383.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.