BERKEL & COMPANY CONTRACTORS v CHRISTMAN COMPANY

Docket No. 157736. Submitted January 3, 1995, at Detroit. Decided
April 28, 1995, at 10:10 A.M. Leave to appeal sought.

Berkel & Company Contractors brought an action in the Washtenaw Circuit Court against Christman Company, seeking immediate payment of all money due it as a subcontractor of Christman on a project for Anthony S. Brown Development Company, Inc., and Anthony S. Brown. The action was brought by way of a cross-claim after an action brought on behalf of Christman and all the subcontractors, including Berkel, against Brown Development and Brown was settled. The terms of the settlement, to which Berkel alone did not agree to, provided that Brown Development and Brown would make installment payments toward the amounts owed by them under their general contract with Christman and that the subcontractors, except Berkel, agreed to pro-rata shares of those installment payments as they were received by Christman. The court, Patrick J. Conlin, J., held that Berkel was not entitled to immediate payment of the full amount owing under its subcontract with Christman, finding that the provision in the contract between Berkel and Christman that provided that Berkel would be paid by Christman only when it was paid under the general contract was unambiguous in its intent and enforceable as written. Berkel appealed.

The Court of Appeals *held:*

1. The contract between Berkel and Christman is clear and unambiguous in providing that payment under that contract is conditioned on Christman's receipt of payment from the project's owners under the general contract.

2. Berkel's reliance on the payment provision contained in its bid proposal is misplaced. The only portion of the bid proposal incorporated into the contract was that portion that described the technical manner in which Berkel would accomplish its portion of the project; the contract did not incorporate the payment provision contained in the bid proposal. Even if the payment provision of the bid proposal had been incorporated into the contract, payment to Christman by the owners still would be an unambiguous prerequisite to a demand for payment by Christman under the subcontract.

3. There is nothing to suggest that the "pay when paid"

provision was intended merely to postpone payment under the subcontract for a reasonable period of time. The condition precedent is not limited to delaying payment under the subcontract to a reasonable period of time, but may act to delay payment indefinitely if no payment is made by the owners under the general contract.

4. Because Berkel had actual knowledge at the time it signed the subcontract that the owners had not secured financing for the project, it is unnecessary to consider the question whether a failure of Christman to inform Berkel of the lack of financing before the subcontract was signed constituted a breach of the contract.

5. Because the amount due to Berkel under the subcontract was not decided by the trial court, that question need not be addressed on appeal.

Affirmed.

*May, Simpson & Strote* (by *Ronald P. Strote* and *Steve Raymond*), for the cross-plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Gregory L. McClelland* and *William D. Tomblin*), for the cross-defendant.

Before: JANSEN, P.J., and MICHAEL J. KELLY and HOOD, JJ.

HOOD, J. Berkel & Company Contractors appeals as of right from a judgment in the Washtenaw Circuit Court that held that Berkel, a subcontractor, was not entitled to payment for construction work until the general contractor was paid for that work by the owner. We affirm.

In October 1989, Christman Company entered into a contract with Anthony S. Brown Development Company, Inc., (ASB) and Anthony S. Brown (Brown) to act as the construction manager on a certain project. Eventually, Christman sued ASB and Brown, seeking payment for work performed. At the time that construction began, ASB and Brown assured Christman that financing would be

forthcoming, or that they would be personally liable for the cost of the construction. Financing was never obtained, and Christman's suit therefore claimed intentional or negligent misrepresentation, deceit, breach of contract, and breach of a third-party beneficiary contract (against ASB) and sought foreclosure of construction liens (against ASB) and guarantee of payment (against Brown).

The claim seeking foreclosure of the construction liens was made on behalf of both Christman and the numerous subcontractors, including Berkel, which was a subcontractor in the second phase of the construction project. The litigation against Brown and ASB was settled, and a consent judgment was entered against them. As part of the settlement, all subcontractors, with the exception of Berkel, agreed to accept a pro-rata portion of the installment payments made by ASB and Brown over time, whenever Christman received such payments.

Berkel filed a cross-claim against Christman and a claim against ASB and Brown, seeking money due for work performed on the project. It specifically sought a money judgment against Christman under its subcontract with Christman, seeking immediate payment. Berkel had never before been involved in a project in which the financing had not been in place by the time that the subcontract was signed and relied, inter alia, on provisions in its final letter defining the scope of its work that provided that it would be paid within thirty days after the completion of its work. The trial court found that the contract between Christman and Berkel clearly provided that payments to Berkel would not be made until Christman was paid for the work by the owner.

Berkel first claims that the payment provisions of its contract with Christman are ambiguous and,

therefore, must be construed against Christman. We disagree. The trial court correctly found that there was no ambiguity. The contract clearly provides that all payments to the subcontractor are to be made only from equivalent payments received by Christman for the work done, "the receipt of such payments by the Christman Company being a condition precedent to payments to the subcontractor." The following section of the contract, dealing with final payment, also clearly conditions payment to Berkel upon the payment by the owners to Christman.

Berkel's reliance on the provision in its bid proposal requiring payment within thirty days is unavailing. A reference by contracting parties to an extraneous writing for a particular purpose makes it a part of their agreement only for the purpose so specified. *Arrow Sheet Metal Works, Inc v Bryant & Detwiler Co,* 338 Mich 68, 78; 61 NW2d 125 (1953). Here, the contract incorporated only that portion of Berkel's bid proposal that dealt with auger cast piling and slope stabilization; it did not incorporate all the conditions of the proposal. Of even more importance, the provision of the proposal providing for payment within thirty days does not specify payment by Christman. Therefore, even if the provisions were considered as incorporated, there is no ambiguity, and payment to Christman by the owners would still be a condition precedent to payment by Christman to Berkel.

Berkel next argues that even if considered operative, a "pay when paid" clause is merely a provision that postpones payment for a reasonable amount of time, not indefinitely. Again, we disagree. As indicated earlier, the trial court quite properly found that Christman was not required to pay Berkel until it received payment from the

owner. Failure to satisfy a condition precedent prevents a cause of action for failure of performance. *Lee v Auto-Owners Ins Co,* 201 Mich 39, 43; 505 NW2d 866 (1993). The contract contains no language limiting the condition precedent to any "reasonable time." Christman fulfilled any condition that required it to take active measures to collect the money due, as evidenced by its action against the owners. We are not persuaded by Berkel's authority from other jurisdictions and find no clear error in the trial court's determinations. *People v Vaughn,* 186 Mich App 376, 380; 465 NW2d 365 (1990).

Berkel also argues that Christman's act of issuing the subcontract without notifying Berkel that financing was not in place renders the "pay when paid" proviso unenforceable. We find it unnecessary to address the issue whether the failure of a contractor to inform a subcontractor about a lack of financing before the signing of the contract with the subcontractor results in a breach of the contract. In this case, the trial court found that Berkel had notice of the lack of financing before signing the contract. This finding by the trial court was not clearly erroneous. See *People v Vaughn, supra.* Because Berkel had knowledge of the lack of financing, it has no cause of action for breach of contract with respect to this issue.

Finally, Berkel maintains that the amount Christman claimed was owing to Berkel, $59,000, was incorrect, and that the correct amount due was $65,799. Because we have held that the "pay when paid" provision precludes payment to Berkel until the owner pays Christman, we need not address this issue. Moreover, the trial court did not address the amount due and owing to Berkel,

and, thus, our review of the issue is precluded. *Allen v Keating,* 205 Mich App 560, 564; 517 NW2d 830 (1994).

Affirmed.